5

DAVID R. GRAVELL
PO Box 9192
Truckee, CA 96162

Telephone: 530.587.1434
E-mail: gravell.trustee@gmail.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:                                              Case No.: 2010-20807

**SIERRA STAIR COMPANY, INC.**                     DCN: DRG-2

    Debtor                                          Date:     September 14, 2010
_____/                    Time:     9:32 a.m.
                                                    Place:    Courtroom 32, Dept. B
                                                           501 I Street, 6th Floor
                                                           Sacramento, CA 95814

### TRUSTEE'S MOTION FOR ORDER AUTHORIZING
### SALE OF ESTATE ASSETS BY AUCTION

TO: THE HONORABLE THOMAS C. HOLMAN, U.S. BANKRUPTCY COURT JUDGE:

    DAVID R. GRAVELL, the duly appointed Chapter 7 Trustee in the above case, files this Trustee's Motion for Order Authorizing Sale of Estate Assets by Auction (the "Motion"), and in support thereof represents as follows:

    1.    This case was filed as a voluntary Chapter 7 case on January 14, 2010. The Trustee was appointed as the Chapter 7 Trustee on January 14, 2010, and has at all relevant times served in that capacity.

    2.    The Trustee has filed contemporaneously with this Motion an Application to Employ West Auctions, Inc. ("West" or "Auctioneer"), as Auctioneer for Trustee, and Approve Compensation to Auctioneer (the "Employment Application"), so that West may assist him in liquidating certain personal property Assets (defined below) of this estate.

3. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. § 363; Federal Rule of Bankruptcy Procedure 6004; and the reference to this Court by the District Court for the Eastern District of California.

4. The Trustee is faced with the task of liquidating assets, including inventory, equipment, and other assets (collectively, the "Assets") used in connection with the business of Debtor, Sierra Stair Company, Inc. ("Sierra Stair Company"), located at 3432 Swetzer Road, Loomis, California. The Assets generally consist of the following:

    a. 1995 Ford Ranger pickup;

    b. 2001 Toyota Tacoma pickup;

    c. 2002 Dodge Dakota pickup;

    d. 1999 Dodge B3500 van;

    e. 2000 Dodge B2500 van;

    f. 2000 Dodge B3500 van;

    g. 2000 Dodge B3500 van:

    h. Tools, equipment and supplies described on attached Exhibit "A".

5. The Assets were listed on the Debtor's Schedule B, and were valued at $38,565.00. The Assets were described at Item No. 25 and Item No. 29. The Assets are described in essentially the same manner as set forth in Paragraph 4 herein, though in less detail.

6. The Trustee and his proposed auctioneer, West, have inspected the Assets and believe they may be liquidated at auction, though they will not generate the values ascribed to them by the Debtor. Based on his inspection of the Assets, his consultations with West and the Debtor, and his experience as a Chapter 7 Trustee, the Trustee estimates that the auction of the Assets will produce gross sales proceeds of approximately $23,000.00.

7. While the Assets had been located at the business address of Sierra Stair Company, they have since been secured at other locations at the direction of the Trustee.

The Trustee wishes to conduct the proposed sale as quickly as possible to keep administrative expenses to a minimum, and to administer the Assets in the most cost-effective manner possible.

8. West has recommended to the Trustee that a public auction sale be conducted on its internet auction website, "www.westauction.com", from September 21, 2010, through September 23, 2010. West will set both an inspection period and removal period at a time closer to the date of the auction. West will conduct all necessary advertising for this sale. The Trustee agrees with West's proposed plan for auction of the Assets.

9. The Trustee is satisfied that the best and highest net recovery will arise from selling the Assets through the employment and services of West.

10. Based upon the Debtor's Schedules, discussions with the Debtor, and independent investigation, the Trustee is informed and believes that there are no creditors with liens or encumbrances against the Assets and that there are no parties other than the Debtor claiming an interest in the Assets.

11. Auctioneer will receive compensation equal to twenty percent (20%) of the gross sales proceeds, plus reimbursement of any extraordinary expenses, if any, incurred in moving, storing and securing the Assets. The Auctioneer and the Trustee estimate that the auction of the Assets will produce gross sales proceeds of approximately $23,000.00, and that reimbursable extraordinary expenses will total approximately $3,400.00. Therefore, after deducting compensation for the Auctioneer in the approximate amount of $4,600.00, and after deducting the amount of the reimbursable expenses, the estate will realize approximately $15,000.00. Auctioneer shall not be required to separately apply for compensation pursuant to 11 U.S.C. § 330. Instead, to save administrative expenses to the estate from multiple applications regarding the Auctioneer's employment and compensation, the Trustee intends that this Application serve as the Auctioneer's compensation application as well. The Court should approve this method of

compensation because the amount of potential recovery to the estate through the sale of the Assets, while estimated to be sufficient to justify Auctioneer's employment, is relatively modest, and the estate will be further diminished if additional administrative expenses are required.

12. The estate shall be paid all monies and proceeds due the estate within thirty (30) working days of any auction pursuant to California Civil Code § 1812.607.

13. All gross proceeds of sale shall be maintained separate from the Auctioneer's personal or general funds and accounts pursuant to California Civil Code § 1812.607.

14. At the conclusion of the sale(s) conducted by Auctioneer, Auctioneer shall provide the Trustee and file with the Court and itemized statement of the Assets sold, the name of each purchaser, and the price received for each item or lot, or for the Assets as a whole, as required by Federal Rule of Bankruptcy Procedure 6004(f).

15. Auctioneer and Trustee have discussed whether any conflicts of interest exist in this case between Auctioneer and interested parties. In addition, Dennis B. West, a principal of West, has performed or caused to be performed a conflicts check on behalf of Auctioneer. With the exceptions noted in his declaration filed herewith, to the best of his knowledge, Auctioneer does not have any connections to the Debtor, the Trustee, the United States Trustee, persons employed by the Office of the United States Trustee, creditors of the Debtor, any of the Debtor's accountants, or any other party in interest in, or having an interest in this case, or any of their respective attorneys and accountants that would make any member of Auctioneer, or the Auctioneer, other than disinterested within the meaning of the bankruptcy code.

**WHEREFORE**, the Trustee respectfully requests the Court enter an order authorizing 1) the sale of the Assets of the estate, through one or more auction sales, both in-person or over the Internet; 2) the sale of the Assets on an "as is", "where is"

basis, with no representations or warranties, express or implied, with respect to such Assets; and 3) the Trustee to retain as funds of the estate all net sale proceeds for subsequent distribution in accordance with the Bankruptcy Code and orders of the Court.

DATED: August 12, 2010 /s/ David R. Gravell
DAVID R. GRAVELL,
Chapter 7 Trustee